Pauline CALDWELL, Plaintiff–Appellant,

v.

STATE OF WASHINGTON, Department of Social and Health Services; Larry Merxbauer; Jane Doe Merxbauer, and the marital community comprised thereof; Jan Blackburn; John Doe Blackburn, and the marital community comprised thereof; Sharon Buss; John Doe Buss, and the marital community comprised thereof; Sheila Tomaier; John Doe Tomaier, and the marital community comprised thereof; Washington Federation of State Employees; AFL–CIO, Local 491, Defendants–Appellees.

---

\* The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

774

No. 06–35707.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2008.

Filed May 15, 2008.

Jaime M. Olander, Esq., Seattle, WA, for Plaintiff–Appellant.

Marie Colleen Clarke, Esq., Office of the Washington Attorney General (Olympia) Torts Division, Edward Earl Younglove, III, Younglove Lyman & Coker LLC, Olympia, WA, for Defendants–Appellees.

Before: FISHER, GOULD, and IKUTA, Circuit Judges.

### MEMORANDUM *

Pauline Caldwell ("Caldwell") appeals the district court's grant of summary judg- ment to her employer[1] and union on her claims of racial discrimination and, as against the union, breach of 42 U.S.C. § 1981, RCW § 49.60 (Washington Law Against Discrimination), and the duty of fair representation. We have jurisdiction under 28 U.S.C. § 1291, and reviewing the district court's decision de novo, *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004), we affirm.

■■■ Caldwell did not establish any genuine issues of material fact regarding her claim of a racially hostile work envi- ronment. Although Caldwell experienced the environment under supervisor Sheila Tomaier ("Tomaier") as subjectively hos- tile, Caldwell did not produce evidence suf- ficient to survive summary judgment that the conduct she experienced was objective- ly "severe or pervasive" enough to "alter the conditions of [her] employment and create an abusive work environment." *Manatt v. Bank of Am.*, 339 F.3d 792, 798 (9th Cir.2003) (citations and internal quota- tion marks omitted). The verbal criticism Caldwell received from her supervisor was similar in severity to treatment that we have previously held not to constitute a hostile work environment. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 642– 43 (9th Cir.2003). Moreover, Caldwell did not establish that any alleged harassment she suffered during the relevant time peri- od was "of a racial ... nature." *Id.* at 642.[2] She therefore did not carry her

---

\* This disposition is not appropriate for publica- tion and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. In addition to granting summary judgment to the State of Washington, Department of Social and Health Services, the district court gave summary judgment to its employees Merxbauer, Blackburn, Buss, and Tomaier.

2. While the Supreme Court has allowed ra- cially-based conduct occurring outside the

300–day filing period of Title VII to be consid- ered "for the purposes of assessing liability, so long as any act contributing to that hostile environment takes place within the statutory time period[,]" *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), Caldwell points to no conduct "of a racial nature" occurring within the statutory period with which the 2001 Jesse Jackson incident could be linked for the

burden of producing a triable issue of fact as to "whether a reasonable African–American [wo]man would find the workplace so objectively and subjectively racially hostile as to create an abusive working environment. . . ." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1112 (9th Cir.2004).

■ Caldwell also did not establish triable issues of fact on her claim of disparate treatment regarding the promotion to a permanent FA 1 position at the Rainier School. Caldwell presented a successful *prima facie* case of disparate treatment under the *McDonnell Douglas* framework despite the fact that the chosen candidate was a member of the same relevant protected class as Caldwell. *See Diaz v. AT & T*, 752 F.2d 1356, 1361 (9th Cir.1985). However, she was unable to show, by direct or circumstantial evidence, that the state's proffered nondiscriminatory reasons for its hiring decisions, the superior qualifications and experience of both Donnell Daniels and Lynette Ryder, were a pretext for unlawful discrimination. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Even accepting all of Caldwell's allegations and reasonable inferences therefrom as true, the evidence suggests only that the stated reasons for failing to promote Caldwell were a pretext for offering the position to a personal friend of Tomaier, not that they were a pretext for racial discrimination. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

■ Finally, Caldwell did not produce sufficient evidence to withstand summary judgment on her claims against the Washington Federation of State Employees ("the union"). She was unable to show that the union's failure to bring a griev-

ance for her was based on discriminatory intent, a necessary prerequisite to a successful claim against the union under 42 U.S.C. § 1981. *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982). Jeff Ramsdell's decision not to process Caldwell's grievance can plausibly be explained by the fact that any grievance would have been untimely, and therefore futile, by the time Caldwell gave Ramsdell the letter outlining her complaints. Furthermore, any inference of discriminatory motive is negated by the multiple occasions when union representatives assisted Caldwell in her meetings with supervisors about the alleged discrimination she was experiencing.

■ Given the defects in Caldwell's hostile work environment claim, it was also not a violation of RCW § 49.60 or the duty of fair representation for the union to fail to pursue a grievance on Caldwell's behalf. Caldwell did not produce sufficient evidence of affirmative discrimination on the part of the union to survive summary judgment, and it was neither arbitrary nor an act of bad faith for Jeff Ramsdell to decline to file an untimely, and hence meritless, grievance for her. *See Galindo v. Stoody*, 793 F.2d 1502, 1513 (9th Cir.1986).

**AFFIRMED.**

purposes of asserting an ongoing racially hos-

tile environment.